# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued November 5, 2014        Decided January 16, 2015

No. 14-1028

WORLD COLOR (USA) CORP., A WHOLLY OWNED SUBSIDIARY
OF QUAD/GRAPHICS, INC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

———

Consolidated with 14-1037

———

On Petition for Review and Cross-Application for
Enforcement
of an Order of the National Labor Relations Board

———

*Ronald J. Holland* argued the cause for petitioner. With him on the briefs was *Ellen M. Bronchetti*.

*David A. Seid* argued the cause for respondent. With him on the brief were *Richard F. Griffin, Jr.*, *John H. Ferguson*, *Linda Dreeben*, and *Jill A. Griffin*.

Before: GARLAND, *Chief Judge*, WILKINS, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

Wilkins, *Circuit Judge*:

This case comes before the Court on petition for review of an order of the National Labor Relations Board. At issue is a World Color policy prohibiting employees from wearing baseball caps except for caps bearing the company logo. The NLRB determined that this policy violates the rights of World Color employees. Because the Board relied on a faulty premise in making its determination, we grant the petition for review and remand to the Board for reconsideration.

## I.

Petitioner World Color is a wholly owned subsidiary of commercial printing corporation Quad/Graphics ("Quad"). World Color operates a printing facility in Fernley, Nevada. This facility is subject to Quad policies, including the employee policy that is at issue in this case. J.A. 4. The challenged policy is found in the "Corporate Safety Program" section of the Employee Guidelines, and reads as follows:

> All hair hanging past the bottom of the collar must be secured to the head while in the production areas. If hair does not hang past the collar but could potentially get caught in our equipment, it must be secured to the head with a hairnet or by other means. Baseball caps are prohibited except for Quad/Graphics baseball caps worn with the bill facing forward. Ponytails are strictly prohibited. Facial hair longer than the base of the neck must be secured. J.A. 117.

The Graphic Communications Conference of the International Brotherhood of Teamsters filed an unfair labor practice charge before the NLRB, asserting that this policy "interfere[s] with, restrain[s] or coerce[s] employees in the

exercise of their Section 7 rights."[1]  J.A. 91; *see* 29 U.S.C. § 158(a)(1) ("It shall be an unfair labor practice for an employer to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title.").  The rights in question are "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining."  29 U.S.C. § 157.

It is beyond dispute that 29 U.S.C. § 157 protects an employee's right to wear union insignia at work unless special circumstances are present.  *See Republic Aviation Corp. v. NLRB*, 324 U.S. 793, 801 (1945).  The Administrative Law Judge assigned to the case determined that the hat policy violated this right.  In doing so, the ALJ determined that the hat policy was distinct from Quad's uniform policy, and that Quad had not substantiated its claims of special circumstances regarding the safety of press operators, concerns about gang activity, and employee presentation.  *World Color (USA) Corp.*, 360 NLRB No. 37, 2014-15 NLRB Dec. ¶ 15759, 2014 WL 559195, at *13-14 (Feb. 12, 2014).  The ALJ recommended an order barring World Color from enforcing the "discriminatory" hat policy.

World Color filed exceptions to the order and the decision, which were considered by a three-member panel of the National Labor Relations Board.  *World Color (USA) Corp.*, 2014 WL 559195, at *1.  The panel accepted the ALJ's determination that the hat policy was distinct from Quad's

---

[1] While there were other charges made by the Graphic Communications Conference, the hat policy is the only issue that is before this Court.

uniform policy and noted that, even were the hat policy a part of the uniform policy, it would still be subject to the "special circumstances" test. *Id.* at *1 n.3. The panel struck the portions of the ALJ's order referring to the policy as "discriminatory," instead relying on the policy's overbreadth to establish a violation of § 158(a)(1). *Id.* The overbreadth determination was based on the Board's conclusion that it was "undisputed that the policy on its face prohibits employees from engaging in the protected activity of wearing caps bearing union insignia." *Id.* The NLRB ordered World Color to rescind the hat policy, issue a revised policy, and post a notice stating that the NLRB had found that World Color had violated federal labor laws. *Id.* at *3-4. World Color filed a timely petition for review, and the NLRB cross-filed an application for enforcement of the order.

Contrary to the Board's assertion, World Color did dispute that the hat policy facially prohibits employees from wearing caps bearing union insignia. We therefore grant the petition for review and remand to the NLRB for reconsideration.

## II.

As this Court described in *Guardsmark, LLC v. NLRB*, 475 F.3d 369, 374 (D.C. Cir. 2007), the NLRB's determination of whether a policy violates § 158(a)(1) involves a two-step inquiry. "First, the Board examines whether the rule explicitly restricts section 7 activity; if it does, the rule violates the Act." *Id.* (citations omitted) (internal quotation marks omitted). If the policy does not explicitly restrict protected activity, the Board considers whether "(1) employees would reasonably construe the language to prohibit Section 7 activity; (2) the rule was promulgated in response to union activity; or (3) the rule has

been applied to restrict the exercise of Section 7 rights." *Id.* (quoting *Martin Luther Memorial Home*, 343 NLRB 646, 647 (2004) (internal quotation marks omitted).

The NLRB short-circuited this inquiry at the first step by concluding that there was no dispute regarding whether the policy facially prohibited employees from wearing caps bearing union insignia. We disagree with this conclusion. Although the hat policy restricts the type of hat that may be worn, it does not say anything about whether union insignia may be attached to the hat. Moreover, the general uniform policy allows employees to accessorize "in good taste and in accordance with all safety rules" and asserts that "[a]ll uniform requirements will be applied in accordance with applicable laws." J.A. 112. World Color has consistently argued that the hat is part of its uniform policy and that World Color's policies therefore facially allow an employee to adorn their Quad hat with union insignia. Indeed, World Color made this argument before the Board, asserting that "the hat policy does not expressly prohibit employees from wearing union insignia at work, on their hat or otherwise," and noting that "the Government presented no evidence that Quad's policy prevents employees from wearing union insignia on their hats . . . the policy simply prevents employees from replacing the Company hat with any hat of their own choosing." Respondent Quad/Graphic Inc.'s Brief in Support of its Exceptions to Decision and Order of the Administrative Law Judge at 15-16, *World Color*, 2014 WL 559195. The Board's conclusion that "it is *undisputed* that the policy *on its face* prohibits employees from engaging in the protected activity of wearing caps bearing union insignia" is therefore contradicted by the record. *World Color*, 2014 WL 559195, at *1 n.3 (emphasis added).

**III.**

This Court will uphold an order of the NLRB unless it "has no rational basis or is unsupported by substantial evidence." *Bally's Park Place, Inc. v. NLRB*, 646 F.3d 929, 935 (D.C. Cir. 2011) (quoting *United Mine Workers of Am. v. NLRB*, 879 F.2d 939, 942 (D.C. Cir. 1989) (internal quotation marks omitted)). In the present case, the NLRB's order was premised on its finding that there was no dispute concerning whether World Color's hat policy facially prohibited employees from wearing hats bearing union insignia. As discussed above, this finding has no basis in the record before the agency. Although the policy required employees to wear a Quad hat rather than any other hat – including a union hat – the company argued that it allowed employees to "bear union insignia" on the Quad hat by accessorizing it in an appropriate manner. We therefore grant the petition for review and remand to the NLRB for reconsideration. The NLRB's application for enforcement is consequently denied.

*So ordered.*